IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARLENE MACE, | CASE NO. 4:19-CV-03438 |
| Plaintiff, | JUDGE SHERRI A. LYDON |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| BERJE, INC., et al., | |
| Defendants. | |

This Protective Order (hereinafter "Order") is entered pursuant to the Federal Rules of Civil Procedure. The parties have stipulated and agreed, and the Court recognizes, that the parties and non-party witnesses to this action may possess private, trade secret, and/or proprietary information, which is confidential or of competitive commercial value and may be subject to discovery in this action, but which should not be made available to competitors or to the public generally.

Accordingly, IT IS HEREBY ORDERED as follows:

### A.     CONFIDENTIAL Documents Defined

Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production and expert disclosures, by any of the parties to this action or by any non-party witness, which a party or witness designates as "CONFIDENTIAL." Without limiting the type and nature of documents that can be marked CONFIDENTIAL, for purposes of this Order, CONFIDENTIAL information includes but is not limited to, documents that contain trade secrets, proprietary or

14892973 _1

sensitive information, employee records and personnel files, employee medical records, and any other information subject to privacy rights. If discoverable, employee records, personnel files and medical records may be marked "CONFIDENTIAL." Confidential information shall be so designated by stamping each page the designating party believes is confidential with the word "CONFIDENTIAL." By entering this agreement and defining CONFIDENTIAL information, the parties are not agreeing or stipulating that any specific documents are discoverable and reserve all rights and objections. Sales records, material safety data sheets, safety precautions, and safety records are not generally deemed CONFIDENTIAL; however, a Producing Party reserves the right to evaluate such documents and to designate such documents or portions thereof should they contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information within. A party shall not withhold the production of any document or information on the basis that it is designated "CONFIDENTIAL." CONFIDENTIAL information shall be revealed only to: (a) the Court, the Court's staff and any Court-appointed mediators, arbitrators or expert witnesses; (b) the parties and their officers, employees, and agents who are providing assistance to counsel in this action (including in-house counsel participating in the defense of this action), and any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses, and agents involved in the preparation of this action who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; (e) insurers or representatives of the parties who have signed the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (f) court reporters, their transcribers, assistants, and employees.

14892973 _1

**B.     ATTORNEYS' EYES ONLY Documents Defined**

Documents or information produced or disclosed within any proceeding, formal or informal, including but not limited to, written discovery, depositions, affidavits, document production, and expert disclosures, by any of the parties to this action or by any non-party witness, which are of a highly sensitive or proprietary or trade secret name, may be designated by the producing party or witness as "ATTORNEYS' EYES ONLY." For purposes of this Order, ATTORNEYS' EYES ONLY information includes, but is not limited to, product formula information, non-public financial information, pricing information, and customer lists. ATTORNEYS' EYES ONLY information shall be so designated by stamping each page the designating party believes is confidential with the word "ATTORNEYS' EYES ONLY." A party shall not withhold the production of any document or information on the basis that it is designated "ATTORNEYS' EYES ONLY." ATTORNEYS' EYES ONLY information shall be revealed only to (a) outside attorneys of record for a party to this litigation; (b) expert witnesses or expert consultants assisting counsel of record who have signed the "Agreement to be Bound by Protective Order" (attached hereto as Exhibit A); (c) deponents or other fact witnesses, but only if that witness is not an employee of a competitor or co-defendant of the producing party and has signed the "Agreement to be Bound by Protective Order"; (d) the Court and its staff; and (e) court reporters, their transcribers, assistants, and employees. ATTORNEYS' EYES ONLY documents or information shall not be shown to employees, officers, directors and non-litigation related agents and consultants of any competitors of the producing party, nor shall such documents or information be disclosed or used in any way that would allow such information to become known to employees, officers, directors and non-litigation related agents and consultants of competitors of the producing party.

14892973 _1

      **C.**    **Use of CONFIDENTIAL and ATTORNEYS' EYES ONLY Documents**

      1.    The parties, counsel for the parties, and all other persons to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information is disclosed in accordance with this Order shall use all such documents or information solely for the purposes of case preparation and trial in litigation related to butter flavoring or diacetyl. Such documents or information shall not be used in any other case unless and until ATTORNEYS' EYES ONLY and CONFIDENTIAL protective orders are in place with the same protections as are afforded in this case. In addition, if a party wishes to use in another action the documents produced by a third party witness in this action, the third party witness must be given notice and no less than thirty (30) days to object to this use of any documents in other litigation related to butter flavoring, diacetyl, or related chemicals. Notice that such documents may be used in a specific case is sufficient notification and the party need not give notice of each document and each time that document will be used.

      2.    Individuals or entities permitted access to CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information shall not describe, show, convey or reproduce any such protected documents or information, or parts thereof, or copies thereof, or any matters or information contained therein, or any extracts or summaries thereof, to any individual who is not authorized to have access to such documents under the provisions of this Order. Before disclosing CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or information in accordance with this Order to any person other than the Court, court reporters, and their respective staff, counsel for the party seeking to disclose such information shall obtain that person's signature to the "Agreement to be Bound by Protective Order," attached hereto as Exhibit A. Such counsel shall maintain all signed copies of the "Agreement to be Bound by Protective Order" until the conclusion

of this case, as defined below, and shall be required to provide a copy of a signed "Agreement to be Bound by Protective Order" to the producing party upon request.

3.      Written material submitted to the Court that contains, refers to or reveals CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be subject to this Order, and shall be filed under seal. Upon filing, the Clerk is directed to maintain such documents under seal and to make such documents available only to the Court, Court personnel, and counsel for the parties to this action. The parties shall file such CONFIDENTIAL or ATTORNEYS' EYES ONLY information in sealed envelopes or other sealed containers which shall state on the caption page, "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY-HIGHLY CONFIDENTIAL: SUBJECT TO ATTORNEYS' EYES ONLY PROTECTIVE ORDER," or in accordance with any other process established by the Court for filing CONFIDENTIAL or ATTORNEYS' EYES ONLY documents electronically or otherwise. A party may file CONFIDENTIAL or ATTORNEYS' EYES ONLY documents under seal in the manner designated herein without the need to bring a separate motion asking the Court to file such documents under seal.

4.      Depositions or portions thereof may be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by informing the court reporter (and videographer, if applicable) at the time of the depositions and/or within fifteen (15) days after the transcript has been provided to counsel. The court reporter (and/or videographer) shall indicate that such designation was made and shall stamp or mark the fact on the transcript (and/or videotape) accordingly. If a deponent refuses to agree to sign the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A, disclosure of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information during the deposition shall not constitute a waiver of confidentiality and no copy of the transcript

14892973 _1

or exhibits containing CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information shall be given to the deponent after the deposition. If a copy of material previously designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is marked as a deposition exhibit, such material shall retain its designation, even if not designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the deposition, unless the parties expressly agree otherwise. If filed with a court, such CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall be filed under seal.

     5.     Nothing herein shall restrict a recipient, for use in connection with this action, from making working copies, abstracts, digests and analyses or protected information under this Order or from preparing documents for filing disclosing such information. However, all such working copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this Order as the originating protected information. Further, nothing herein shall restrict an authorized recipient from converting or translating protected information into electronic or machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that use of and access to such converted information, in whatever form stored or reproduced, shall be subject to the same terms and restrictions provided in this Order as in the original protected information.

     6.     The provisions of this Order shall govern discovery and all pretrial, trial and post-trial proceedings related to this action. In the event that any entity, person or party bound by this Order having possession, custody or control of any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information receives a subpoena, other process or court order to produce such CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information in any case, proceeding or forum, such entity, person or party shall notify the attorneys of the Producing Party and furnish such attorneys with a copy of said subpoena, other process or order as soon as reasonably

14892973_1

practicable within the time period for compliance with such subpoena, process or court order. The Producing Party shall then have the burden of opposing such subpoena, process or order and obtaining relief from compliance within the time period for compliance with the subpoena, process or order if it wishes to prevent disclosure of the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information. The CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information will be maintained and not disclosed until after any final determination by a court of competent jurisdiction, including appeals, on any motion to quash or for protective order that is filed.

7.     At the conclusion of this case (which shall be upon entry of a final judgment in the last of any proceeding under the case number regardless of whether an appeal is taken by any party), all CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced by any party and designated as subject to this Order, including all copies, extracts and summaries thereof, shall be returned upon request to the Producing Party within one hundred twenty (120) days after such request is made. One copy of the returned documents shall be maintained by the Producing Party. Attorney work product containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be destroyed instead of being returned to the producing party, provided that counsel certifies in writing no later than thirty (30) days after the request of the Producing Party that such destruction has occurred. Counsel in this matter are authorized to use these documents in other litigation related to butter flavoring or diacetyl and may produce the same when a protective order providing the same levels of protection is entered in such case(s). Counsel may retain CONFIDENTIAL and ATTORNEYS' EYES ONLY information until the conclusion of all flavor-related litigation in which they are counsel of record as long as the party having provided that information in the instant litigation is also a party to the other litigation. In such circumstances, a request for return of CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be made

by the Producing Party at the conclusion of the other case(s), under the terms of this Protective Order and/or any other applicable authority. Retained CONFIDENTIAL and ATTORNEYS' EYES ONLY information may be shared with other counsel only if said counsel actively represents a party in litigation related to butter flavoring or diacetyl and said counsel and/or their law firm has signed the protective order providing the protections that are afforded in this case.

    **D.**  **Other Provisions Applicable to CONFIDENTIAL and ATTORNEYS' EYES ONLY documents**

    1.  A party who inadvertently fails to designate any portion of a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

    2.  Should any CONFIDENTIAL or ATTORNEYS' EYES ONLY information be inadvertently disclosed to any person not allowed access under the terms and provisions of this order, then the disclosing party, promptly upon becoming aware of such disclosure, shall (a) identify such person to the Producing Party; (b) inform such person of all the provisions of this order; (c) request that such person sign the "Agreement to be Bound by Protective Order" attached hereto as Exhibit A; and (d) use its best efforts to retrieve all CONFIDENTIAL and/or ATTORNEYS' EYES ONLY information that the person was not authorized to receive.

    3.  The terms of this Order shall apply to documents or information previously produced by any party or non-party in any litigation related to butter flavoring or diacetyl and designated as subject to the protective orders in those cases.

14892973_1

4.     This Order may be construed or modified by the Court on its own motion or on written motion of any of the parties to this action.

5.     Any party that challenges the designation of any documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may apply to the Court for in camera review of the documents or information at issue and for an order determining the application of this protective order to such documents or information. Prior to making such application to the Court, the challenging party shall meet and confer in good faith with the Producing Party in an effort to resolve the dispute. The CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall retain its status as CONFIDENTIAL or ATTORNEYS' EYES ONLY until such time as the Court enters an order otherwise and the time for taking an interlocutory appeal from such order has expired.

6.     Should a Producing Party agree to remove the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation from a document, or should a Court determine that a document or deposition transcript is not CONFIDENTIAL or ATTORNEYS' EYES ONLY material, the Producing Party shall within thirty (30) days produce a clean version of the document with no confidentiality designation.

7.     This order is entered for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this order, nor the production of any document or other materials under the terms of this order, nor any proceedings pursuant to this order, shall be deemed: (a) to have the effect of an admission or waiver by any party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; or (c) to alter any existing obligation of any party or third party.

8.  The terms of this Order shall remain in effect after the conclusion of this case, and this Court hereby retains jurisdiction to interpret and enforce this Order pursuant to and under the Federal Rules of Civil Procedure following the conclusion of this case. The parties, including all experts and other persons subject to discovery in this action or who receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purposes of enforcement of this Order.

9.  In producing files and records for inspection, no marking of them as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY need be made by the Producing Party in advance of the inspection. For purposes of the inspection, all documents produced shall initially be deemed to be marked ATTORNEYS' EYES ONLY. Following the inspecting party's selection of specified documents for copying, the Producing Party shall mark any CONFIDENTIAL or ATTORNEYS' EYES ONLY documents in accordance with paragraphs A 1 and B1 of this protective order.

**E.  Privileged Documents**

1.  In the event that a document as to which a privilege from production or disclosure is claimed (including but not limited to attorney-client privilege and/or the work product doctrine) is inadvertently disclosed during document inspection and/or copying, such inadvertent disclosure shall not constitute a waiver of any privilege with respect to such document or any other documents, and such document (and all copies made thereof) will be promptly returned to the Producing Party upon demand.

2.  Production of documents on which there are notations indicating that they were carbon copied or otherwise transmitted to in-house or outside attorneys or claim representatives does not constitute a waiver of the attorney-client privilege or work product immunity as to: (a) any other documents or communications; or (b) any communications with any attorneys.

s/ *Sherri A. Lydon*
United States District Judge

Dated:  April 16, 2020

|  | /s/ Meredith K. Clark |
|---|---|
|  | Meredith K. Clark |
|  | mkclark@motleyrice.com |
|  | Temitope O. Leyimu |
|  | tleyimu@motleyrice.com |
|  | Motley Rice LLC |
|  | 28 Bridgeside Boulevard |
|  | Mount Pleasant, SC 29464 |
|  | *Attorney for Plaintiff* |
|  | /s/Scott D. Pfeiffer |
|  | J. Rene Josey |
|  | jjosey@turnerpadget.com |
|  | Turner, Padget, Graham & Laney, P.A. |
|  | 1831 West Evans Street |
|  | P.O. Box 5478 (29502) |
|  | Florence, SC 29501 |
|  | *And* |
|  | Scott D. Pfeiffer |
|  | sdp@crayhuber.com |
|  | Cray Huber Horstman Heil & Vanausdal |
|  | 303 W. Madison, Suite 2200 |
|  | Chicago, IL 60606 |
|  | *Attorneys for Defendant Berje, Inc.* |
|  | /s/Daniel B. White |
|  | Daniel B. White |
|  | dwhite@gwblawfirm.com |
|  | Allyson R. Twilley |
|  | atwilley@gwblawfirm.com |
|  | Gallivan, White & Boyd, P.A. |
|  | 55 Beattie Place, Suite 1200 (29601) |
|  | P.O. Box 10589 |
|  | Greenville, SC 29603 |
|  | *Attorneys for Defendant Centrome, Inc. dba Advanced Biotech* |
|  | /s/Paula A. Meyer |
|  | Paula A. Meyer |
|  | paula.meyer@bowmanandbrooke.com |
|  | Patrick J. Cleary |

14892973 _1

| | |
|---|---|
| | patrick.cleary@bowmanandbrooke.com<br>Richard H. Willis<br>richard.willis@bowmanandbrooke.com<br>Bowman and Brooke LLP<br>1441 Main Street, Suite 1200<br>Columbia, SC 29201<br>*And*<br>C. Dino Haloulos<br>dhaloulos@mgpllp.com<br>McCullough Ginsberg & Partners LLP<br>122 East 42nd Street, Suite 3505<br>New York, NY 10168<br>*Attorneys for Defendant DSM Food Specialties USA, Inc.* |
| | /s/Daniel McGrath<br>Lindsey L. Smith<br>lindsey.smith@kattenlaw.com<br>Katten Muchin Roseman<br>550 South Tryon Street, Suite 2900<br>Charlotte, NC 28202<br>*And*<br>Daniel McGrath<br>dmcgrath@hinshawlaw.com<br>Jason C. Novak<br>jnovak@hinshawlaw.com<br>Hinshaw and Culbertson LLP<br>151 N. Franklin Street<br>Chicago, IL 60606<br>*Attorneys for The Edlong Corporation* |
| | /s/Moira H. Pitrowski<br>Ronald B. Lee<br>rlee@ralaw.com<br>Moira H. Pietrowski<br>mpietrowski@ralaw.com<br>Roetzel & Andress, LPA<br>222 South Main Street<br>Akron, OH 44308<br>*And*<br>Curtis W. Dowling<br>curtis@basjlaw.com<br>Matthew G. Gerrald<br>matt@basjlaw.com<br>1613 Main Street<br>Columbia, SC 29201 |

14892973_1

|  | |
|---|---|
|  | *Attorneys for Defendant FONA International, Inc.* |
|  | /s/Emily Kate Cappelmann<br>Matthew Adkins<br>matthew.adkins@lewisbrisbois.com<br>Emily Kate Cappelmann<br>kate.cappelmann@lewisbrisbois.com<br>Lewis Brisbois Bisgaard & Smith LLP<br>24 Drayton Street, Suite 300<br>Savannah, GA 31401<br>*Attorneys for Defendant Frutarom USA, Inc.* |
|  | /s/James D. Bass<br>Terry O. Brantley<br>terry.brantley@swiftcurrie.com<br>Leah Parker<br>leah.parker@swiftcurrie.com<br>Swift Currie McGhee & Hiers<br>The Peachtree, Suite 300<br>1355 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>*And*<br>Michelle Corrigan Erikson<br>michelle.corrigan@stinson.com<br>James D. Bass<br>james.bass@stinson.com<br>Stinson LLP<br>7700 Forsyth Boulevard, Suite 1100<br>St. Louis, MO 63105-1821<br>*Attorneys for Defendant O'Laughlin Industries, Inc.* |
|  | /s/Timothy O. Domin<br>Timothy O. Domin<br>tdomin@clawsonandstaubes.com<br>Clawson and Staubes, LLC<br>126 Seven Farms Drive, Suite 200<br>Charleston, SC 29492-8144<br>*Attorney for Defendant Phoenix Aromas & Essential Oils Holdings, Inc.* |

14892973_1

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have reviewed a copy of the Protective Order entered in the litigation known as *Marlene Mace v. Chr Hansen, Inc., et al.,* Case No. 4:19-CV-03438, in the United States District Court for the District of South Carolina, Florence Division. I understand the limitations this Protective Order imposes on the use and disclosure of documents and/or information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY. I agree to be bound by all the terms of the Protective Order. I further understand that the unauthorized use and/or disclosure of documents designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY may constitute contempt of Court, and I hereby consent to the personal jurisdiction of the United States District Court for the District of South Carolina, Florence Division, in connection with the use or disclosure of such information.

DATED this _____ day of _____, 2020.

_____

Printed Name: _____

14892973 _1